UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DALE C. BARKFELT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-836-CEJ |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of Dale C. Barkfelt (registration no. 1095173) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the following reasons, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.70. In addition, the court will dismiss this case pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50 and an average monthly balance of $0.00. Accordingly, the court will assess an initial partial filing fee in the amount of $1.70, which is twenty percent of the average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S.

519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint and Supplement

Plaintiff, an inmate at the Farmington Correctional Center, brings this 42 U.S.C. § 1983 action against the State of Missouri and the federal government. Plaintiff complains that his state sentence of imprisonment is running consecutively, rather than concurrently, to his federal sentence of imprisonment. Plaintiff seeks $10 million in damages for false incarceration, and he asks to be transferred to a federal prison "with 9 year Feds time, not 10 years for state and 9 for Feds."

## Discussion

Having carefully reviewed the complaint, the court concludes that this § 1983 action is legally frivolous. The State of Missouri is not a "person" for purposes of § 1983 and is absolutely immune from liability. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Moreover, liberally construing the complaint as a *Bivens*-type[1] action for monetary damages against the federal

---

[1] Suits for monetary damage against federal officials for the violation of constitutional rights are authorized under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

government, the court concludes that plaintiff's allegations are legally frivolous. A *Bivens* action for monetary damages cannot be maintained against the United States or a federal agency. *See FDIC v. Myer*, 510 U.S. 471, 484-85 (1994). In addition, the court notes that transfers from one prison to another are entirely within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984).

Last, to the extent that plaintiff is challenging the execution of his sentence, the court finds that his claims are cognizable exclusively under 28 U.S.C. § 2254, not 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement). The court will instruct the Clerk to provide plaintiff with a copy of the form for filing a 28 U.S.C. § 2254 habeas corpus action in the event he wishes to challenge the execution of his state sentence.

For these reasons, this action will be dismissed pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this order. Plaintiff is

instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a court form for filing a 28 U.S.C. § 2254 habeas corpus action.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of July, 2015.

_____
**UNITED STATES DISTRICT JUDGE**